IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMILIO SANTA CRUZ BACARDÍ, BELIZA SARID RIVERA HERNÁNDEZ AND THEIR CONJUGAL PARTNERSHIP | CIVIL NO.: |
| Plaintiffs | CIVIL ACTION |
| vs. | |
| FERNANDO CARBONELL TORRES, JANE DOE, AND THEIR CONJUGAL PARTNERSHIP; ABC INSURANCE. | PLAINTIFFS DEMAND JURY TRIAL |
| Defendants | |

**COMPLAINT**

TO THE HONORABLE COURT:

Plaintiffs, Emilio Santa Cruz Bacardí, Beliza Sarid Rivera Hernández, and their Conjugal Partnership, through their undersigned attorney, for their cause of action, respectfully allege and pray, as follows:

**I.   JURISDICTION AND VENUE**

1. The events and omissions giving rise to the claims set forth in this action all occurred within the District of Puerto Rico.

2. Federal jurisdiction in this case is attained under diversity pursuant to section 1332 of Title 28, of the United States Code, inasmuch as plaintiffs are residents of a state other than Puerto Rico and the causes of actions herein are predicated under Articles 1217, 1221, 1802, and 1803 of the Civil Code of Puerto Rico, 31 LPRA §3404, 3408, 5441, and 5142.

3. Venue is appropriate in this judicial district pursuant to section 1391(b) of

Title 28, United States Code, since the cause of action of this complaint took place within the District of Puerto Rico.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 for each plaintiff.

## II. THE PARTIES

1. Plaintiffs, Emilio Santa Cruz Bacardí ("Santa Cruz") and Beliza Sarid Rivera Hernández, were married in Puerto Rico, thus they have a conjugal partnership, however, both are residents of 107 Summingdale Drive, Georgetown, Kentucky 40324, tel. 859-552-1645.

2. Defendants, Fernando Carbonell Torres ("Carbonell) and his wife, Jane Doe, and their Conjugal Partnership ("the Carbonells"), are residents of #1654 Tulipán Street, Urb. San Francisco, San Juan, Puerto Rico, 00927. Their postal address is P. O. Box 270010, San Juan, Puerto Rico, 00927-0010. Jane Doe is the fictitious name to describe defendant, Fernando Carbonell's wife, which will be substituted as soon as her proper name is discovered.

3. ABC Insurance is a fictitious name to designate the Carbonells' insurer. Its proper name will be substituted as soon is discovered.

## III. FACTUAL ALLEGATIONS

4. Plaintiff, Santa Cruz, is member of the estate of his belated father, Juan Santa Cruz Sigarreta, together with his siblings, Mireya and Juan, both Santa Cruz Bacardí, and their mother, Mireya Bacardí González.

5. Santa Cruz's father passed away in August of 2015, leaving a will where he appointed his widow, Mrs. Bacardí González, as the estate's administrator.

6. As the estate's administrator, the widow presented a probate action to

distribute the will, before the Court of First Instance of Puerto, San Juan Part, Civil Case No. KJV2015-1888.

7. Defendant Carbonell is a Certified Public Accountant ("CPA"), exercising his profession in San Juan, P. R.

8. On May 24, 2016, the widow requested the appointment of Carbonell as the accountant for the estate in the above stated action, having retained his services before as her expert accountant.

9. To that effect, Carbonell rendered two partition reports, one on October 13, 2016, the other, on February 13, 2019.

10. Notwithstanding the above, since August 8, 2016, plaintiff claimed to defendant, Carbonell, that the estate tax return had not included all the assets of the estate, including accounts and assets out of Puerto Rico (Attachment A).[1]

11. The above created a dispute in the probate action between plaintiff, his mother and siblings, which was even the subject of a decision by the Court of Appeals of Puerto Rico, which partially revoked the Court's decision, deciding that the widow was supposed to render a final account of her administration (Judgment of June 15, 2018, Puerto Rico Court of Appeals, Case KLCE201800255, Mireya Bacardí González v. Emilio Santa Cruz Bacardí).

12. Due to the above, plaintiff was forced to retain the services of an expert accountant, CPA Reynaldo Quiñónes Márquez, who rendered an expert report on April 14, 2021 (Attachment B).[2]

13. Said expert report concluded that defendant Carbonell's reports had

---

[1] Plaintiffs will provide a certified translation within the next thirty (30) days.
[2] Plaintiffs will provide a certified translation within the next thirty (30) days.

serious deficiencies and errors (Id., pg. 13 y et seq.).

14.     Based on the findings of CPA's Quiñónes's report, plaintiff took Carbonell's deposition, on February 17, 2022.

15.     To plaintiff's surprise, said deposition established that most of the omissions and deficiencies in Carbonell's report were the result of his collusion with the widow, and that, unknown to plaintiff, both Carbonell and the widow, behind plaintiff's back, agreed that Carbonell was to prepare his reports to favor the widow's interest in prejudice of plaintiff, Santa Cruz's.

16.     Plaintiff discovered the above during Carbonell's deposition when, for the first time, he stated that he had been contracted and retained as an expert for the widow instead of as an accountant for the estate (pgs. 15-16 of Deposition, Attachment C).[3]

17.     Furthermore, in order to take Carbonell's deposition, he demanded the payment of expert witness's fees (Id., pg. 15, lns. 6-12).

18.     Carbonell's partition reports were only discussed with the widow, excluding the rest of the beneficiaries of the estate (Id., pg. 11, lns. 19-24), as is customary. On the contrary, said reports were submitted directly to the widow, who later submitted them to the Court (Id., pg. 12).

19.     Due to all of the above, codefendant Carbonell did not fulfill his duties as an impartial accountant for the estate.

20.     Instead, he was negligent, failing to represent plaintiff adequately, thus causing serious economic damages to plaintiffs.

21.     On February 13, 2023, plaintiffs, through the undersigned attorney,

---

[3] Plaintiffs will provide a certified translation within the next thirty (30) days.

delivered a letter by certified return receipt mail to defendants, making an out of court claim and interrupting any applicable statute of limitations (Attachment D).[4]

22. In response to the above, on March 21, 2023, codefendant Carbonell, through his legal counsel replied, stating that she was to get in touch with the undersigned within thirty (30) days (Attachment E).[5]

23. As of this date, neither defendants, nor their lawyer, have responded to plaintiffs' out of court demand.

## Causes of Action

24. As of this date, many years after the demise of the deceased, there has been just a partial partition of the inheritance, in other words, the partition has not concluded, which is attributable to Carbonell's negligence.

25. Carbonell's negligence has caused substantial economic damages to plaintiffs, as well as mental pain and suffering.

26. In addition, Carbonell's collusion with the widow was unknown to co-plaintiff Santa Cruz. Therefore, Santa Cruz's acceptance of Carbonell's designation as the accountant for his father's estate was under fraud and deceit by Carbonell.

27. If Santa Cruz would have known about Carbonell's fraud and deceit, Santa Cruz would have not accepted Carbonell's designation as the accountant for the estate.

28. All of the above has caused serious economic and emotional damages to Santa Cruz, his wife, and their conjugal partnership.

29. Due to the above, plaintiff's conjugal partnership has incurred a

---

[4] Plaintiffs will provide a certified translation within the next thirty (30) days.
[5] Plaintiffs will provide a certified translation within the next thirty (30) days

considerable sum in travel expenses, attorneys' and expert's fees, which are estimated as of today in $500,000.00, which sum keeps increasing.

30. In addition, each plaintiff has suffered pain and emotional suffering estimated in $250,000.00 for each of them.

31. ABC Insurance is joint and severally liable to plaintiffs for the damages hereby claimed.

**IV.   PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully pray for a judgment in their favor condemning defendants joint and severally to pay plaintiffs the above stated amounts, plus applicable legal interest, costs and expenses, and a reasonable amount for attorneys' fees, due to defendants' temerity.

**V.   JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the complaint set forth above.

In San Juan, Puerto Rico, this 30th day of May, 2023.

**RESPECTFULLY SUBMITTED**.

**FREDDIE PEREZ-GONZALEZ & ASSOC., P.S.C.**
Attorneys for Plaintiffs
P. O. Box 193729
San Juan, PR 00919-3729
Tel.: (787) 751-4334
Cel.: (787) 349-4334
Fax: (787) 751-1116
E-Mail: fredperlaw@gmail.com


s/Freddie Pérez-González
UDSC-PR 119005